IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMERIO TALAVERA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 14-cv-4013 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ROBERT MUELLER, Warden, ) | |
| Centralia Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se Petitioner Emerio Talavera ("Petitioner") is incarcerated at Centralia Correctional

Center in Illinois. Robert Mueller, the Warden of the facility, has custody of Petitioner.[1]

Pending before the Court are Petitioner's motion for extension of time [36] to prepare motion for

reconsideration of the Court's memorandum opinion and order from May 15, 2015 [33], as well

as Petitioner's motion for relief from the Court's order [37]. For the reasons set forth below, the

Court denies the motion for relief [37] and consequently denies the motion for extension of time

[36] as moot.

**I.      Background**

In its earlier opinion [33], the Court set out in detail the underlying criminal proceedings,

Petitioner's direct appeal, and his post-conviction proceedings. In brief, in 2000, a Kane County

jury found Petitioner guilty of first-degree murder. See [8], Pet. at 1–2. Petitioner was sentenced

to 40 years' imprisonment and currently is serving his sentence at the Centralia Correctional

---

[1] Warden Mueller now has actual custody over the Petitioner. "Congress has provided that an application for a writ of habeas corpus shall allege, among other matters, 'the name of the person who has actual custody over [the petitioner].'" *Kholyavskiy v. Achim*, 443 F.3d 946, 948 (7th Cir. 2006) (quoting 28 U.S.C. § 2242 ¶ 2).

Center in Centralia, Illinois. *Id.* at 1. Petitioner appealed his conviction and raised two issues:
(1) whether there was sufficient evidence to support a finding of guilt beyond a reasonable doubt,
and (2) whether it was reversible error to admit certain evidence of Petitioner's purported motive
for the murder. See [8], Pet. at 2; [26], Ex. A at 1. The Illinois Appellate Court rejected these
claims and affirmed the conviction in the unpublished opinion. *People v. Talavera*, No. 2-00-
0560 (Ill. App. Ct. Jan. 15, 2000). Petitioner then filed an unsuccessful petition for leave to
appeal (or "PLA") to the Illinois Supreme Court, in which he argued that his rights were violated
when the State was allowed to offer its motive evidence through attorney witnesses. See [26],
Ex. F at 1. Petitioner's second amended post-conviction petition was dismissed by the Circuit
Court of Kane County at the second stage of the State's post-conviction process. The dismissal
was affirmed on appeal in *People v. Talavera*, 2-12-0232 (Ill. App. Ct. Mar. 8, 2013).

Petitioner raised four issues in his second amended post-conviction petition. First, he
argued that his trial counsel was constitutionally ineffective by urging the jury for a complete
acquittal instead of suggesting that a compromise verdict of involuntary manslaughter was
appropriate. [26], Ex. C at 12. Second, he argued that his trial counsel was ineffective by
eliciting harmful testimony from witnesses during trial. See *id.* at 18. Third, Petitioner argued
that his trial counsel was ineffective by failing to request a limiting instruction on the testimony
offered by attorney witnesses. In particular, Petitioner asserted that a limiting instruction was
needed to prevent the jury from substantively considering the testimony and drawing conclusions
from Petitioner's association with gang members who committed violent or criminal acts
unrelated to the offense for which Petitioner was tried. See *id.* at 24. Petitioner relatedly argued
that the absence of a limiting instruction resulted in a violation of his rights under the
Confrontation Clause pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004). *Id.* Fourth, and

finally, Petitioner argued that his appellate counsel was ineffective by failing to raise each of the foregoing claims on direct appeal. See *id.* at 7.

The Illinois Appellate Court rejected these claims both on the merits and on procedural default grounds. With respect to Petitioner's first claim concerning his counsel's closing argument, the Court found that defense counsel's "accidental shooting" theory was legally viable and that nothing in the closing argument foreclosed a guilty verdict only on the lesser-included offense of involuntary manslaughter. See [26], Ex. C at 12–17. The Appellate Court found Petitioner's argument about eliciting harmful testimony to be without merit for various reasons. See *id.* at 18–24. The Appellate Court also concluded that there was no merit to Petitioner's claim that his counsel was ineffective by failing to request a limiting instruction on the motive evidence offered by the State. For one, the evidence did not implicate *Crawford* or the Confrontation Clause, because the testimony in question was not hearsay. See *id.* at 24–25. In addition, a limiting instruction was not necessary, as the attorneys' testimony did not implicate Petitioner; and even if it did, defense counsel made a strategic decision not to request a limiting instruction that could have drawn more attention to the State's motive evidence. See *id.* at 26– 27. Last, the Appellate Court found that the claims were procedurally defaulted to the extent that they relied on facts that appeared on the face of the original trial record and declined to relax the procedural default standard, as Petitioner's appellate counsel was not ineffective by failing to raise the (non-meritorious) ineffective assistance of trial counsel claims on direct appeal. See *id.* at 27–28.

Petitioner then filed a *pro se* PLA to the Illinois Supreme Court, in which he argued that his rights were violated when his trial counsel failed to ask for the compromise verdict of involuntary manslaughter. [26], Ex. N at 1. Petitioner contended that he was entitled to proceed

3

to the third stage in the Illinois post-conviction process, which allows an evidentiary hearing. See *id.* The PLA also made reference to trial counsel's failure to request a limiting instruction or to provide the State with counter-offers during the pre-trial plea-bargaining. See *id.* at 18. The Illinois Supreme Court denied leave to appeal on September 25, 2013. See [26], Ex. O.

After exhausting his state court remedies,[2] Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. The petition [8] raised three claims:

> (1)  Petitioner's rights under the Confrontation Clause were violated when the trial court allowed attorney witnesses to testify about the information that Munoz gave in prior trials;
>
> (2)  Petitioner's trial counsel was constitutionally ineffective by failing to pursue an involuntary manslaughter plea or conviction during pre-trial plea-bargaining and during closing argument at trial; and
>
> (3)  failing to provide or request a limiting instruction on the testimony offered by the attorney witnesses violated Petitioner's due process right to effective counsel and his rights under the Confrontation Clause.

See [8], Pet. at 8–12.[3]

This Court determined that Petitioner's first habeas claim was procedurally defaulted because Petitioner failed to raise this claim before all the Illinois courts and that Petitioner could not excuse his default by showing that there was either cause and prejudice for the default, or that the absence of federal habeas review would result in a miscarriage of justice. See [33] at 9–12.

---

[2] As the State pointed out in its answer, see [25] at 10, Petitioner exhausted his state court remedies by proceeding through a direct appeal and one full round of post-conviction proceedings in Illinois. See *Johnson v. Hulett*, 574 F.3d 428, 431 n.2 (7th Cir. 2009).

[3] On December 24, 2014, Petitioner filed a motion to expand the record [28], which the Court granted without objection from the State, see [31]. In particular, the State explained that the excerpts that Petitioner cited in his motion—namely, excerpts from the trial transcript, the sentencing transcript, and the prior trials at which Munoz testified—already were included in the exhibits that the State filed with its answer to Petitioner's habeas petition. See [30] (citing Exhibits 21, 25, 26, 29). Petitioner also requested an evidentiary hearing [21] on his second and third habeas claims.

This Court next concluded that Petitioner failed to raise his second claim—that trial counsel's failure to pursue an involuntary manslaughter plea before trial constituted ineffective assistance of counsel—and therefore that claim was procedurally defaulted as it related to counsel's pre-trial conduct. See *id.* at 12–13. The Court did consider Petitioner's contention that his trial counsel was ineffective for failing to ask the jury for a compromise verdict of involuntary manslaughter during closing argument because Petitioner had brought this claim in his post-conviction petition in state court, including seeking leave to appeal the issue to the Illinois Supreme Court. However, the Court concluded that the Illinois Appellate Court was not unreasonable in rejecting Petitioner's *Strickland* claim. See *id.* at 13–17.

As for Petitioner's final habeas claim, the Court concluded that, because the Illinois Appellate Court determined that the claim was procedurally defaulted, this Court could not address the reasonableness of the state court's merits determination that trial counsel's failure to provide and request a limiting instruction to the jury did not violate Petitioner's right to effective counsel and his rights under the Confrontation Clause. *Id.* at 18. The Court rejected Petitioner's contention that his failure to raise his third habeas claim on direct appeal was due to his appellate counsel's ineffectiveness because the Court was still precluded from excusing the default in this case given that Petitioner failed to properly raise appellate counsel's ineffectiveness in his PLA to the Illinois Supreme Court. *Id.* at 19. Finally, the Court declined to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

On October 9, 2015, Petitioner filed a "Motion for Extension of Time to Prepare Motion for Reconsideration of Habeas Corpus" [36], and on October 29, 2015, Petitioner filed a postjudgment motion entitled "Motion for Relief Frm [sic] Judgment Disposing Writ for Habeas

Corpus" [37], which the Court construes as a motion under Federal Rule of Civil Procedure 60(b).

## II.    Legal Standards

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005).  A habeas petitioner cannot use Rule 60(b) to reopen an adverse decision unless extraordinary circumstances" justify such a step.  *Id.* at 536.  The Supreme Court cautioned that "such circumstances will rarely occur in the habeas context."  *Id.* at 535.  And because a Rule 60(b) motion is a collateral attack on a final judgment, such a motion can run afoul of AEDPA's limitations on successive habeas petitions.  See *id.*; *Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002).  The Seventh Circuit has held that the mere fact that a prisoner labels a motion as a Rule 60(b) motion rather than a § 2254 petition is immaterial.  *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (citations omitted).  Rather, "it is the substance of the petitioner's motion that controls how the request for relief shall be treated."  *Id.*  If the substance of the motion attacks "some defect in the integrity of the federal habeas proceedings," then the motion should not be construed as a successive § 2254 petition, then the Court can consider the merits of the motion.  *Id.* at 849.

If, however, the motion is a request for § 2254 relief, then it "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals." *Id.*  The Seventh Circuit has cautioned that "[i]f a Rule 60(b) motion is really a successive post-conviction claim," this Court "will lack jurisdiction unless the prisoner has first obtained [the Seventh Circuit's] permission to file it."  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007).

## III.    Analysis

Petitioner's post-judgment motion [37] under Federal Rule of Civil Procedure 60(b) challenges this Court's earlier decision [33] on five grounds.

First, relying on *Boerckel v. O'Sullivan*, 135 F. 3d 1194 (7th Cir. 1998), Petitioner argues that his claim that testimony by attorney witnesses violated his Confrontation Clause rights is not defaulted because habeas petitions need not preserve federal claims in the Illinois Supreme Court. [37] at 3–5. However, the Supreme Court overruled the Seventh Circuit in *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Boerckel had raised three claims in his federal habeas petition that he had presented before the Appellate Court of Illinois, but not in his petition for leave to appeal to the Illinois Supreme Court. The Supreme Court held that "Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims" in his federal post-conviction proceedings. *Id.* As a result, before seeking federal habeas relief, state prisoners, like Petitioner, must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Crockett v. Butler*, 807 F.3d 160, 166 (7th Cir. 2015) (quoting *Boerckel,* 526 U.S. at 845); see also *Guest v. McCann*, 474 F.3d 926, 929 (7th Cir. 2007); *Lewis v. Sternes,* 390 F.3d 1019, 1025–26 (7th Cir. 2004) (petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory"). Thus, because Petitioner failed to present his first habeas claim—whether the testimony of attorney witnesses about the victim's testimony violated the Confrontation Clause—to all the Illinois courts, that claim is procedurally defaulted and not preserved for federal habeas review.

Next, Petitioner argues, in the alternative, that his first habeas claim would have been apparent to the Illinois Supreme Court upon review of the record and thus the claim is not defaulted. [37] at 5. However, in *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), the Supreme Court rejected that position. In *Baldwin*, the Supreme Court held that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* Accordingly, even if the Illinois Supreme Court could discern Petitioner's first habeas claim from the record or the Illinois Appellate Court's earlier opinion, that fact would not preserve Petitioner's first habeas claim.

Third, Petitioner argues that this Court should not have found procedural default as to any part of Petitioner's claim of ineffective assistance based on the failure to pursue a compromise strategy—either by pleading involuntary manslaughter before trial or arguing for it at the close of trial—because Respondent did not argue the default in his brief. [37] at 6. However, the Court may address procedural defaults *sua sponte*. See *Perruquet v. Briley*, 390 F.3d 505, 518 (7th Cir. (noting that "federal courts generally have the discretion to raise the subject of procedural default *sua sponte*") (citation omitted). Petitioner failed to properly raise this claim in state court, and therefore the Court acted within the scope of its authority in rejecting it as procedurally defaulted. Specifically, Petitioner only raised ineffectiveness during plea-bargaining in his post-conviction PLA brief. See [26], Ex. N at 18 (discussing the prejudice that resulted from trial counsel's failure to offer the State a plea of involuntary manslaughter). Petitioner's second amended post-conviction petition—although detailing trial counsel's failure to raise involuntary manslaughter *at trial* during closing argument—does not argue that counsel's ineffectiveness extended to pre-trial plea negotiations. See [26], Ex. K at 25–35. Petitioner also failed to raise

this claim on direct appeal. See [26], Ex. A at 1. The Court was correct to determine that this claim is procedurally defaulted because Petitioner never gave the Illinois courts "one full opportunity to resolve [this] constitutional issue[]," *Boerckel*, 526 U.S. at 845.

Fourth, Petitioner contends that any default should be excused because "there is an absence of available State corrective process" for Petitioner's improperly exhausted claims. [37] at 6. However, Petitioner misapprehends the statutory scheme for federal habeas review of state process. Section 2254(b)(1)(B)(i) refers to the fact that states are under no obligation to provide a procedure for collateral attacks on convictions. See, *e.g.*, *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987). Rather, § 2254(b)(1)(B)(i) sets forth the obligation of federal judges to adjudicate (rather than dismiss as unexhausted) a habeas petition for which state law makes further state remedies unavailable. Petitioner incorrectly argues that there is an absence of available state corrective process where he has availed himself of Illinois courts' post-conviction processes. See *Boerckel*, 526 U.S. at 848; *Perruquet*, 390 F.3d at 514. Simply because those state proceedings have run their course does not allow Petitioner to invoke this Court's review of those proceedings to excuse any procedural defaults on his part.

Finally, Petitioner argues that he is entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2) because *Crawford v. Washington*, 541 U.S. 36 (2004), is a new and retroactive rule of constitutional law. [37] at 6. Petitioner cites an Illinois case, *People v. Stechly*, 870 N.E. 2d 333, 348 (Ill. 2007), for this proposition. While it is true that in *Stechly*, the Illinois Supreme Court made *Crawford* retroactive in Illinois state proceedings on direct appeal, *Stechly* does not make *Crawford* retroactive to cases "on collateral review" as required by § 2254(e)(2)(A)(i). Section 2254(e)(2)(A)(i) requires the decision to be made retroactive by the Supreme Court of the United States, not the Supreme Court of any one state. Indeed, the Supreme Court has answered the

9

question of whether *Crawford v. Washington* is retroactive to cases on collateral review: in *Whorton v. Bockting*, 549 U.S. 406, 409 (2007), the Supreme Court held that *Crawford* is not retroactive.  See, *e.g.*, *Rodriguez v. Chandler*, 492 F.3d 863, 866 (7th Cir. 2007).[4]

In short, the Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), "stressed that Rule 60(b)(6) may not be used to reopen an adverse decision unless extraordinary circumstances justify that step."  *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 536–38).  Petitioner has pointed to no such circumstances; rather, Petitioner's motion [37] merely misapprehends the relevant case law and statutes.

## IV.    Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  This requirement applies not only to an appeal from a decision denying a habeas petition, but also to an appeal from an order denying a Rule 60(b) motion.  See *West*, 485 F.3d at 394.  Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have the absolute right to appeal a district court's decision; instead, he must first request a certificate of appealability.  See *Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009).  A habeas petitioner is entitled to a certificate of appealability for the denial of a Rule 60(b) motion if the

---

[4] The Illinois Attorney General rightly points out that if this Court were to conclude that this last argument poses a direct challenge to the factual underpinnings of any merits decision, such a challenge would be an unauthorized successive habeas petition and the claim would need to be dismissed under § 2244(b) for want of jurisdiction.  [40] at 6 n.3 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-33); see also *Curry*, 507 at 604 ("If a Rule 60(b) motion is really a successive post-conviction claim, the district court will lack jurisdiction unless the prisoner has first obtained [the Seventh Circuit's] permission to file it.").  However, the Court considers Petitioner's fifth and final challenge in his Rule 60(b) motion to attack some defect in the federal habeas proceedings in this Court.

petitioner shows that (1) reasonable jurists would find it debatable whether the Court abused its discretion in denying the motion; and that (2) reasonable jurists would find it debatable whether the underlying petition makes a substantial showing of the denial of a constitutional right. See *Eltayib v. United* States, 294 F.3d 397, 399 (2nd Cir. 2002); see also *Miller–El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). And in cases where a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 485.

The Court concludes that a certificate of appealability is not warranted in this case. Reasonable jurists would not debate whether Petitioner's first habeas claim is defaulted, whether Petitioner needs to include his claims in the body of a petition to a state court, or whether district courts may address procedural defaults *sua sponte*. As for his fourth argument, reasonable jurists could not interpret § 2254(b)(1)(B)(i) as excusing procedural defaults. And, in regard to Petitioner's fifth and final argument, reasonable jurists could not debate that *Crawford* is retroactive. See *Whorton*, 549 U.S. at 409; see, *e.g.*, *Rodriguez*, 492 F.3d at 866. Consequently, the Court once again declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**V.       Conclusion**

For the foregoing reasons, the Court denies the motion for relief [37] and consequently

denies the motion for extension of time [36] as moot.  The Court also once again declines to

issue a certificate of appealability as to any issues.

Dated:  July 22, 2016

_____
Robert M. Dow, Jr.
United States District Judge